Dear Mr. Donald H. Dwyer, Jr.
You have requested our opinion on the application of local zoning requirements to public charter schools. Your inquiry was apparently triggered by an amendment of the Anne Arundel County zoning ordinance that specifically addresses charter schools and that restricts the location of public charter schools in certain zoning districts through a special exception or conditional use process not applicable to other public schools.[1] You ask whether the State law authorizing public charter schools preempts such local regulations.
In our opinion, the application of local zoning requirements to public charter schools depends on whether the State has a property interest in the facility housing the school. If the school is operated in a facility owned or leased by a State entity, such as the local board of education, local zoning requirements do not apply. However, if the school is operated in a facility not owned or leased by a State entity, that facility would be subject to local zoning requirements. Thus, a local government with zoning authority could provide that a privately-owned facility may house a public charter school within certain zoning districts only pursuant to a special exception or as a conditional use.
 I Public Charter Schools
In 2003, after a five-year effort, the General Assembly enacted legislation establishing the Maryland Public Charter School Program. Chapter 358, Laws of Maryland 2003; see Title 9 of the Education Article ("ED"), Annotated Code of Maryland. The purpose of the program "is to establish an alternative means within the existing public school system in order to provide innovative learning opportunities and creative educational approaches to improve the education of students." ED § 9-101(b).[2] The statute defines a "public charter school" as:
 a public school that:
 (1) Is nonsectarian in all its programs, policies, and operations;
 (2) Is a school to which parents choose to send their children;
 (3) Is open to all students on a space-available basis and admits students on a lottery basis if more students apply than can be accommodated;
 (4) Is a new public school or a conversion of an existing public school;
 (5) Provides a program of elementary or secondary education or both;
 (6) Operates in pursuit of a specific set of educational objectives;
 (7) Is tuition-free;
 (8) Is subject to federal and State laws prohibiting discrimination;
 (9) Is in compliance with all applicable health and safety laws;
 (10) Is in compliance with [legal requirements concerning children with disabilities];
 (11) Operates under the supervision of the public chartering authority from which its charter is granted and in accordance with its charter and, except as provided in § 9-106 of this title, the provisions of law and regulation governing other public schools;
 (12) Requires students to be physically present on school premises for a period of time substantially similar to that which other public school students spend on school premises; and
 (13) Is created in accordance with this title and the appropriate county board policy.
ED § 9-102.[3] A charter may be granted to the staff of a public school, a parent or guardian of a public school student in the county, a nonsectarian nonprofit entity, a nonsectarian institution of higher education, or a combination of any of those individuals or entities. ED § 9-104(a)(2). However, a charter may not be granted to a home school, a parochial school, or a private school. ED § 9-104(a)(3).
An application for a public charter school is to be submitted to the local board of education ("local board"),[4] which is the "primary public chartering authority." ED §§ 9-103(a),9-104(a). The State Board is the "secondary public chartering authority." ED § 9-103(b).[5]
Subject to a possible waiver by the State Board, a public charter school must comply with the laws governing other public schools. ED § 9-106; see also ED § 9-102(11). Professional staff at a public charter school are required to hold the appropriate State certification; employees of a public charter school have collective bargaining rights guaranteed other public school employees. ED §§ 9-105 and 9-108, respectively. Among other matters, the statute requires each local board to develop a public charter school policy, ED § 9-110(a), mandates parity in funding between charter schools and other public schools, ED § 9-109(a), and addresses obligations of charter schools to students with special needs, ED § 9-107.
The Legislature directed the Maryland State Department of Education ("MSDE") to develop a model public charter school policy as an aid to local boards in developing county policies. Chapter 358, § 2, Laws of Maryland 2003. See Maryland PublicCharter Schools Model Policy and Resource Guide (Rev. 9/1/2005) ("Model Policy").[6]
While the laws of some states establishing charter schools set forth the status of such schools under local zoning laws,[7] the Maryland statute is silent on that subject.
 II Analysis
As you noted in your request for this opinion, the State has generally preempted the field of education from local regulation as demonstrated by extensive State legislation on the subject.McCarthy v. Board of Education, 280 Md. 634, 374 A.2d 1135
(1977). You suggested that this principle would preclude a local government from subjecting public charter schools to zoning regulation. However, the State Education Article does not explicitly exempt public schools from local zoning or other land use regulations. To respond to your question, we first discuss why a traditional public school is exempt from local zoning regulation.
A. Application of Local Land Use Regulation to Traditional Public Schools
We addressed the application of local land use regulation to traditional public school property in a prior opinion. See
87 Opinions of the Attorney General ___ (2002) [Opinion 02-011 (August 14, 2002)]. In that opinion, we concluded that, because a local board is considered a State agency for land use purposes, public schools owned by a local board are not subject to a local government's zoning authority. Id., slip op. at 4-6; see alsoCity of Baltimore v. State Dep't of Health Mental Hygiene,38 Md. App. 570, 574, 381 A.2d 1188 (1978) ("municipality may not exercise zoning jurisdiction over State-owned and used property unless the State has subjected itself to the authority of the municipality"). This is consistent with the general rule in most states that local zoning regulations do not apply to public schools. See 1 Rapp, Education Law § 4.01[4][b][i] (2005).
The exemption of State-owned land from local zoning authority derives from the State's sovereignty. 62 Opinions of theAttorney General 941 (1977). Generally, the focus is on ownership of the property rather than the property's use. Bd. ofChild Care of the Baltimore Annual Conference of the MethodistChurch, Inc. v. Harker, 316 Md. 683, 695, 561 A.2d 219 (1989) (holding that property owned by nonprofit corporation and used as State-licensed and regulated child care facility not exempt from county zoning regulations).
Although the general rule set forth above applies to a State entity such as a local board that holds a fee simple interest in property, questions concerning zoning occasionally arise when a governmental entity holds a property interest as a lessor or lessee. In 1977, Attorney General Burch concluded the State's immunity from local zoning regulations extends to private property that is leased to a State entity. 62 Opinions of theAttorney General 45 (1977). The analysis differs, however, when a State entity leases property to a private party. While State-owned property used by a private entity for a public purpose remains exempt from local zoning regulation, such property used for a private purposes is subject to local zoning control. 73 Opinions of the Attorney General 238, 240 (1988);see also 78 Opinions of the Attorney General 58 (1993).[8]
By contrast, private schools may be subject to zoning regulation that is inapplicable to traditional public schools.See, e.g., Creative Country Day School of Sandy Spring v.Montgomery County Bd. of Appeals, 242 Md. 552, 219 A.2d 789
(1966) (Montgomery County zoning ordinance, which required special exception for private school without any similar requirement for public school, did not violate equal protection principles).
B. Application of Local Land Use Regulation to Public Charter Schools
 1. Public Charter School Facilities
There is no question that a charter school is a public school, but the facility in which the school operates may or may not be a public building. An application for a charter school would ordinarily include "[a] facilities plan that describes the types of facilities, possible location, and the characteristics of the facility that will be needed to ensure the appropriate implementation of the proposed education program." MSDE ModelPolicy § IV.K.3.h. Under MSDE's Model Policy, final approval of an application to establish a public charter school would be contingent on the acquisition of facilities consistent with the facilities plan. Id.
A charter school may operate within a facility or in part of a facility under the control of the local board. For example, the MSDE Model Policy for charter schools contemplates that such a school may be established by the conversion of an existing public school. Model Policy, p. 1. Alternatively, the chartering entity may own the facility used as a charter school or may lease space from a private entity. In some instances, it may be the case that, at the time an application for a charter school is filed, the sponsors of the school may not have determined precisely where it will operate.
2. Charter School in Public Facility
If a public charter school operates within a building owned by the local board or other government entity, local zoning regulations would not apply to that property as it is owned by the government and used for a public purpose. See Brown v. Bd.of Educ., 347 U.S. 483, 493 (1954) (education is "perhaps the most important function of state and local governments"); seealso 68 Am Jur 2d Schools § 6. If the operators of the charter school are under an obligation to transfer title to the facility to the school system, the same rationale would appear to apply.
 3. Charter School in Facility Owned by Chartering Entity or Other Entity
A more difficult question is posed if a charter school operates in a facility owned by the chartering entity or by a private entity. Should the charter school be considered to share a portion of the State's sovereignty and therefore be immune from zoning regulation in its own right?
There is no question that the operation of a charter school constitutes a public purpose. However, a government contractor or licensee performing a governmental service pursuant to a contract with the State does not become a State entity for purposes of zoning immunity. Bd. of Child Care of the Baltimore AnnualConference of the Methodist Church v. Harker, 316 Md. 683,561 A.2d 219 (1989). On the other hand, a charter school "within the existing school system" might be viewed as more analogous to the State itself than a government contractor or licensee.
A consideration of the laws governing the siting and property of traditional public schools is instructive. While traditional public schools are immune from local zoning, they are not free of regulation. A local board may not acquire a site or building for a traditional public school without approval of the State Superintendent of Schools. ED § 4-115(b)(1). The local board is required to consult and seek advice from a local commission or agency with responsibility for county land use planning in selecting the location for a new school facility. ED § 4-116(a)(1). A site must "conform as far as practicable to development plans for land use in the county." ED § 4-116(a)(2). In some cases, a public hearing is required before final approval of a siting decision. ED § 4-116(b).[9] The school property is then "held in trust" by the local board for the benefit of the school system. ED § 4-114(a);[10] see 91 Opinions of theAttorney General 33 (2006). When a facility is no longer needed as a traditional public school, it is ordinarily first transferred to the county government. ED § 4-115. These requirements protect not only the taxpayers' investment, but control the location of schools and the use of school property.
As noted above, the charter school statute is silent as to siting of such schools and local land use regulation. None of the statutes governing the location of traditional public school facilities would apply to a charter school operated in a private facility. If the charter school were immune from zoning regulation based on the State's sovereignty, there would apparently be no controls on the location of charter schools. However, it seems unlikely that the General Assembly intended that a charter school would have a blanket exemption from land use regulation not enjoyed by a traditional public school.
In our view, the absence of any reference to zoning regulation in the charter school statute does not mean that a charter school in a non-government facility is exempt from local land use regulations; rather, local zoning regulations may control the location of charter schools in such facilities. Thus, a local government with zoning authority may require that the owner of the property obtain a special exception or qualify as a conditional use in certain zoning districts.[11]
In summary, a local government may regulate the location of public charter school on private property in particular zoning districts through a special exception or conditional use process unless the property was leased to the local board.[12]
 III Conclusion
In our opinion, the application of local zoning requirements to public charter schools depends on whether the State has a property interest in the facility housing the school. If the school is operated in a facility owned or leased by a State entity, such as the local board of education, local zoning requirements do not apply. However, if the school is operated in a facility not owned or leased by a State entity, that facility would be subject to local zoning requirements. Thus, a local government with zoning authority could provide that a privately-owned facility may house a public charter school within certain zoning districts only pursuant to a special exception or as a conditional use.
 J. Joseph Curran, Jr. Attorney General
 William R. Varga Assistant Attorney General
 Robert N. McDonald Chief Counsel Opinions and Advice
[1] Anne Arundel County Bill 54-05 amended various portions of the County zoning law to treat public charter schools similarly to certain private schools. You also expressed concern about the manner in which the County's development regulations and permitting requirements are applied to charter schools.
[2] Local boards of education could have established charter schools prior to the 2003 legislation under their general authority to establish public schools within their respective jurisdictions. ED §§ 4-108, 4-109. At the time of the 2003 legislative session, the Frederick County Board of Education was the only local board that had approved a public charter school, although Baltimore City had established a New Schools Initiative Program under which individual schools operate similar to public charter schools. However, under the No Child Left Behind Act of 2001, the availability of federal grant money for the implementation of charter schools depended on the existence of "a specific State statute" that permitted flexible operation and management of the schools. See 20 U.S.C. § 7221i(1)(A).
See 20 U.S.C. § 7221i(1)(A)-(L).
[3] Many of these elements were apparently derived from the federal No Child Left Behind Act. See20 U.S.C. § 7221i(1)(A)-(L).
[4] For the sake of brevity, we use the term "local board" in this opinion to refer to the 23 county boards of education as well as the Baltimore City Board of School Commissioners.
[5] As "secondary public chartering authority", the State Board is responsible for acting in an appellate review capacity when a local board denies an application and for determining whether a charter will be granted for a restructured public school if the local board fails to act on an application within a prescribed time period. ED §§ 9-103(b), 9-104(a)(4), 9-104(b).
[6] The Model Policy is available atwww.marylandpublicschools.org/NR/rdonlyres/64999462-AD67-47EO-9366-35457DCBACF2/7967/ModelPolicyGuide.pdf.
[7] See N.Y. Educ. Law § 2853(g)(3)(a) (stating that, for purposes of local zoning, charter schools are to be treated as nonpublic schools).
[8] Absent a statutory exception, a local board may lease school system property only in a manner consistent with its obligations as trustee of the property. ED § 4-114(a)(1); see
91 Opinions of the Attorney General 33 (2006).
[9] We also note that, in municipalities and in non-charter counties, a public building generally cannot be constructed without a referral to the local planning commission. Annotated Code of Maryland, Article 66B, § 3.08; see also 87 Opinions ofthe Attorney General ___ (2002) [Opinion 02-011 (August 14, 2002)], slip op. at 5.
[10] In Baltimore City, schools are held in trust by the Mayor and City Council rather than the Board of School Commissioners. ED § 4-114(a)(1).
[11] The sample checklist developed by MSDE for use of local boards in reviewing public charter school applications addresses multiple matters relating to the proposed facilities and, specifically, planning and zoning requirements. Model Policy,
p. 24. This factor suggests that, in the view of MSDE, local zoning regulations would apply, at least in some instances.
[12] This is not to say that a local government could exclude school facilities entirely from an area through its zoning regulations. In light of the inherent beneficial nature of schools, an outright ban would serve no purpose "reasonably related to the morals, health, welfare and safety of the community." See Cornell University v. Bagnardi, 68 N.Y.2d 583,594-95, 503 N.E.2d 509 (1986); see also 2 Young, Anderson'sAmerican Law of Zoning § 12.10 (4th ed. 1996). *Page 174